**LEO WINTER ASSOCIATES, INC., Plaintiff,**

v.

**DEPARTMENT OF HEALTH & HUMAN SERVICES, et al., Defendants.**

**Civ. A. No. 80–1335.**

United States District Court, District of Columbia.

Sept. 9, 1980.

James F. Tolan, Frank W. Gaines, Jr., Olwine, Connelly, Chase, O'Donnel & Weyher, Washington, D. C., for plaintiff.

Patricia J. Kenney, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court is Defendants' Motion to Dismiss or for Summary Judgment in the above captioned case. Because the Court has considered the entire record herein, this Motion is treated as a Motion for Summary Judgment.

The facts of the case may be succinctly stated as follows:

Defendant Food and Drug Administration (FDA) has the responsibility for assuring the safety and effectiveness of marketed drugs. The Federal Food, Drug, and Cosmetic Act (FDCA) prohibits the marketing of any new drug prior to the filing and FDA approval of a New Drug Application (NDA) for that drug. A NDA must contain, *inter alia*, "full reports of investigations which have been made to show whether or not such drug is safe for use and . . effective [for] . . .." 21 U.S.C. § 355(b)(1). The FDCA permits testing a drug on humans only after the filing and approval of a Notice of Claimed Investigational Exception for a New Drug (IND).

In order to protect the public against drugs approved on the basis of faulty and/or fraudulent data, the Act and regulations promulgated thereunder require that accurate and detailed records are kept on the human testing. 21 U.S.C. § 355(i), (j); 21 C.F.R. § 312. The FDA is given the authority to inspect, verify, and copy the required data. 21 U.S.C. §§ 355(i), (j), 372–374.

There are three primary actors in the clinical testing of new drugs on humans,

namely sponsors[1] (usually drug companies), clinical investigators[2] (usually physicians or institutions), and contract research organizations. The contract research organizations design drug study protocols (plans for analyzing a drug), locate and hire clinical investigators to perform the studies, prepare and send to the clinical investigators the required patient evaluation and reporting forms, monitor the studies for the sponsors, and tabulate the data that is compiled and prepare the final reports for the sponsors.

Plaintiff is a contract research organization which has been the subject of an FDA investigation since April of 1979. The FDA has appeared on Plaintiff's premises seven times between April 24, 1979 and October 2, 1979 to inspect and copy records of three drugs covered by IND's. The inspections were conducted during normal business hours and lasted between 10 minutes and 3 hours. On May 28, 1980, Plaintiff instituted this litigation, seeking, *inter alia*, (a) a declaration that Defendants have conducted an illegal investigation in an unreasonable manner for an unreasonable length of time, in violation of the Constitution, the FDCA, 21 U.S.C. § 301, *et seq.*, and the regulations promulgated thereunder 21 C.F.R. § 1, *et seq.*, and (b) an injunction precluding Defendants from continuing the investigation, making disparaging remarks about Plaintiff, and interfering with certain physician–patient relationships.

21 U.S.C. § 355(i) requires that records be maintained by manufacturers or sponsors of new drugs consistent with 21 C.F.R. § 312.-1(a) and Part 314. Those regulations require, *inter alia*, that the sponsor (1) maintain adequate records showing the investigator to whom the drug is shipped, the date, quality, and batch or code mark of each shipment and delivery, (2) that these and other records be made available to the FDA at reasonable times, (3) that the investigations are monitored and (4) that the investigations are evaluated regarding the safety and effectiveness of the drug as information is obtained from the investigators. 21 U.S.C. § 355(j)(2) indicates that everyone required to maintain records "shall, upon the request of an officer or employee designated by the Secretary, permit such officer or employee at all reasonable times to have access to and copy and verify such records." 21 U.S.C. § 372 authorizes the Secretary to conduct investigations and examinations, and 21 U.S.C. § 374 delineates the scope of the Secretary's authority.

■ Plaintiff first alleges that it is not subject to these provisions because it is a contract research organization, not a sponsor or manufacturer. It contends that the FDCA only authorizes investigations of manufacturers and sponsors, and therefore the FDA investigation at issue here is illegal. Plaintiff's assertion is misplaced. Plaintiff has assumed the responsibility placed on sponsors and manufacturers by the Act and applicable regulations. It has established the protocols for the drugs in question, contracted with investigators, monitored the investigations, and maintained records. Because Plaintiff has assumed the technical responsibility placed upon manufacturers and sponsors, it has also assumed the obligations imposed on sponsors by the Act, and subjected itself to investigations authorized by the FDCA. Any conclusion to the contrary would subvert the remedial purposes of the legislation and significantly undermine its effectiveness. The term "sponsor" must be construed consistently with the statutory objectives, and therefore include contract research organizations that assume the delineated responsibility. *See Natl. Nutritional Foods Ass'n v. Weinberger*, 512 F.2d 688 (2d Cir. 1975) *cert. den.*, 423 U.S. 827, 96 S.Ct. 44, 46 L.Ed.2d 44 (1976).

---

1. Sponsors are responsible for designing human drug studies, locating clinical investigators willing to perform the studies, and monitoring and analyzing the studies. *See* 21 C.F.R. § 312.1(a). These responsibilities are often delegated to contract research organizations.

2. Clinical investigators administer the drugs and observe and record their effects.

Plaintiff next contends that the investigation is being conducted in an unreasonable manner, and for an unreasonable length of time. The record indicates, however, that Defendants' request for records was reasonable, that the review and copying of the records was performed during business hours and did not last more than 3 hours. This Court cannot and· should not declare such an investigation unreasonable or enjoin its continuance. *See Southeastern Minerals, Inc. v. Harris*, 622 F.2d 758 (5th Cir. 1980).

Finally, Plaintiff contends that Defendants have defamed Plaintiff in the course of the investigation. Defendants point out that Plaintiff has no personal knowledge of defamation, and that each allegation of defamation in Plaintiff's only affidavit is hearsay. Accordingly, his affidavit cannot be relied upon to raise a genuine issue of fact. *Washington Post Co. v. Keogh*, 365 F.2d 965, 971 (D.C.Cir. 1965). Defendants further point out that the complaint and affidavit are replete with generalities but devoid of specific defamatory comments. Plaintiff's allegation of defamation is therefore inadequate as a matter of law. *See Burkett v. U. S.,* 402 F.2d 1002, 1005 & n. 2, 185 Ct.Cl. 631 (1968).

Plaintiff contends that the defects in pleading and proof can be traced to the Protective Order staying discovery issued by the Court on July 2, 1980. Regardless, Plaintiff seeks injunctive relief rather than damages. It is clear that equity does not enjoin torts such as defamation. *Kukatush Mining Corp. v. SEC*, 309 F.2d 647, 651 n. 2 (D.C.Cir. 1962); *Alberti v. Cruise*, 383 F.2d 268 (4th Cir. 1967). Defendants' Motion for Summary Judgment must be granted.